ELIA CALATRO, PLAINTIFF IN ERROR, v. MARY CHABUT, DEFENDANT IN ERROR.

Submitted July 10, 1905—Decided March 5, 1906.

1. In an action of ejectment for a tract of land described as commencing at a point fixed by measurement from the intersection of two public streets, and running along one of the streets for a distance of four feet and four inches, and extending at right angles with the street and of that width for one hundred and two feet, plaintiff put in evidence a deed to him for a tract commencing at the same beginning point and extending along the same street for a distance of sixty-two feet, but it appeared in his case that he had enclosed a tract of sixty-two feet front, although the enclosure did not include the plot sued for. Thereupon the trial justice directed a nonsuit on the ground that if plaintiff recovered he would have more land than his deed called for. *Held*, that the nonsuit cannot be sustained on that ground.

2. The nonsuit cannot be supported on other grounds because there were questions which should have been submitted to the jury. (*a*) There was evidence which, if believed, established that plaintiff had been in the actual possession of the *locus in quo* for a number of years and until excluded therefrom by defendant, and upon that evidence the burden was cast on defendant to establish his right to enter. (*b*) The description in the conveyance to plaintiff, literally read, would not close, but it referred to monuments and gave distances and courses. *Held*, that if by reversing the survey and applying it to the monuments, the granted land can be located, the title of plaintiff should have been submitted to the jury.

On error to the Supreme Court.

For the plaintiff in error, *Fred Prout.*

For the defendant in error, *Charles J. Roe.*

The opinion of the court was delivered by

MAGIE, CHANCELLOR. The judgment brought before us by this writ of error was entered upon a *postea* disclosing that the learned justice who tried the issue in the cause had directed the plaintiff below, who was the plaintiff in error,

to be nonsuited. The bill of exceptions shows an exception to the allowance of nonsuit, duly taken and sealed, and under the assignments of error that action is claimed to be erroneous and to require the judgment to be reversed.

The action was in ejectment for the recovery of the possession of a tract of land in the town of Stirling, in Morris county, described as beginning at a point in the easterly line of Main avenue, distant, northerly, fifty-eight feet from its intersection with the northerly line of Somerset street; thence running northerly, along Main avenue, four feet and four inches; thence easterly and at right angles to the first course one hundred and two feet; thence southerly, parallel with the first course, four feet and four inches; and thence westerly, parallel with the second course, one hundred and two feet to the beginning.

The plaintiff, in his case, put in evidence a deed to him, which, as will be afterwards stated, may be construed as conveying to him a lot in said town of Stirling, beginning at a point in the easterly line of Main avenue, distant, northerly, fifty-eight feet from its intersection with the northerly line of Somerset street (which, it will be observed, is the beginning corner of the lot possession of which was claimed by the declaration), thence running northerly along Main avenue sixty-two feet, which lot then extended easterly at right angles for a depth of one hundred and two feet. In the evidence of the plaintiff it appeared that he had enclosed a lot of sixty-two feet front, which did not include within the enclosure any part of the lot sued for, so that if he recovered the four feet and four inches he would have, in all, a frontage of sixty-six feet four inches. Thereupon the learned justice allowed a nonsuit, on the ground that plaintiff had shown, by his own proofs, that if he succeeded in recovering the land sued for he would get more land than his deed called for.

The ground thus relied on for defeating plaintiff's action is plainly untenable. It was entirely immaterial whether the plaintiff had enclosed a lot of sixty-two feet front or whether he had, or had not, any title to the strip of four feet four inches on the north side thereof. The point of contest was

as to the ownership or right of possession of the lot described in the declaration, and that, if settled for the plaintiff, would require a judgment, even though his enclosed land included land not described in his deed.

On this ground the nonsuit was erroneous, and the judgment thereon must be reversed, unless upon the case disclosed by the bills of exception the nonsuit can be supported upon other grounds.

The case discloses proofs which, in my judgment, required the submission of the issue to the jury.

In the first place, there was proof, if credited, that the plaintiff had gone into possession of the tract sued for not long after the conveyance, which was made in 1889. He then dug a ditch along the southerly line of the tract and used it as a part of his garden. This use, if the evidence is credited, continued until 1903, when defendant filled up the ditch with stones, and put up a fence which enclosed at least a portion of the land sued for. If this evidence be believed, there was possession of the *locus in quo* which was *prima facie* evidence of title against one who entered by tort, and cast upon the person so entering the burden of establishing a right to do so. *Leport* v. *Todd*, 3 *Vroom* 124; *Den* v. *Sinnickson*, 4 *Halst.* 149.

Moreover, plaintiff proved a conveyance to him from parties who were the owners of lands including the tract in question, and thus presented not only a question of a possession presumed to be with title, but a question of actual title.

Counsel, in the course of the trial, insisted that the conveyance was ineffective and wholly wanting in validity, and that consequently plaintiff had shown no title to the land in question. The contention was based upon a defect in the description. The tract conveyed was described therein as beginning at a point in the easterly line of Main avenue, distant, northerly, fifty-eight feet from its intersection with the northerly line of Somerset street; thence running northerly along Main avenue sixty-two feet; thence easterly at right angles with the first course one hundred and two feet; thence *northerly,* parallel with the first course, sixty-two

feet; thence westerly, parallel with the second course, one hundred and two feet *to the place of beginning.* Literally read, it is obvious that these courses fail to close, and that no lot was enclosed thereby. But there was evidence of the location of the monuments referred to in the description, such as the beginning point fixed by reference to and measurement from the intersection of two public streets, the line of Main avenue, and therefrom the lines at right angles to that avenue. Where a description literally read fails to disclose the exact location of the land granted, extrinsic circumstances are admissible to ascertain the application of a grant to a location. In a case such as is disclosed by the description in this conveyance, it is admissible to resort to reversing the survey and applying it to the monuments indicated by the conveyance. Such was the opinion expressed in *Fuller* v. *Carr,* 4 *Vroom* 157, and that course was said to be in use as indispensable in removing errors in the descriptions in *Curtis* v. *Aaronson,* 20 *Id.* 68.

If the first two courses of this description are accepted as being without error, it is manifestly with the third course that the description becomes unintelligible. Then, if instead of proceeding with the third course, we return to the beginning point and reverse the fourth course, we will find that it would extend from the beginning point easterly, parallel with the second course, one hundred and two feet, and then would strike the third course. A line drawn from the point thus reached to the easterly end of the second course, would necessarily be sixty-two feet in length and parallel with the easterly line of Main avenue.

The error must be either in the first course or in the third course of the description. That it was not in the first course appears from two facts shown, viz., (1) that if the first course be reversed to run southerly it will include a part of Somerset street; and (2) that it will include thereby a lot of land which by a deed of the same date and of earlier record was conveyed by the same grantors to the person under whom defendant claims, which deed was in evidence.

The third course, therefore, is thus disclosed to have been erroneously written as running northerly, instead of southerly. Upon the facts and this mode of construction the learned trial justice declared that the deed was admissible in evidence, and upon a true construction enclosed the plot. Manifestly, as evidence of title, it ought to have gone to a jury.

As we discover no ground for the nonsuit ordered, the judgment must be reversed for a *venire de novo*.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Dixon, Garrison, Fort, Pitney, Swayze, Bogert, Vredenburgh, Vroom, Green, Gray, Dill.    13.